# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**

**JUDGE**

## AMENDED LETTER OPINION

April 16, 2009

David K. Pikus, Esq.
Bressler, Amery & Ross
A Professional Corporation
325 Columbia Turnpike
Florham Park, NJ 07932
P.O. Box 1980
Morristown, NJ 07962

Marc J. Goldstein Litigation
and Arbitration Chambers
1230 Avenue of the Americas
New York, NY 10020
*Attorneys for Plaintiffs*

Kenneth N. Wolf, Esq.
Sandler, Travis & Rosenberg, P.A.
551 Fifth Avenue, Suite 1100
New York, NY 10176
*Attorneys for Defendants*

George N. Styliades, Esq.
1060 Kings Highway North, Suite 308
Cherry Hill, NJ 08034
*Local Counsel for All Defendants*

Re:     *San Lucio, S.r.l and San Lucio USA v. Import & Storage Services, LLC,*

1

*Battaglia & Co., Inc., Cisalpino, Inc., Fernando Miguez, Inc., Packing Products Co., Inc., Vorace, Inc., Sanitti LLC, and Robert Quattrone*
<u>Civil Action No. 07-3031 (WJM)</u>

Dear Counsel:

This matter comes before the Court on a Motion for Partial Summary Judgment Concerning Applicable Law by Plaintiffs San Lucio, S.r.l. ("San Lucio") and San Lucio USA Corporation ("San Lucio USA") (collectively "Plaintiffs"). Oral argument was held on March 20, 2009. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**. Furthermore, partial summary judgment is **GRANTED** in favor of Defendants Import & Storage Services, LLC, Battaglia & Co., Inc., Cisalpino, Inc., Fernando Miguez, Inc., Packing Products Co., Inc., Vorace, Inc., Sanitti LLC, and Robert Quattrone (collectively "Defendants").

## BACKGROUND

The following facts are not in dispute. Plaintiff San Lucio is an Italian exporter of cheese and San Lucio USA is a U.S. subsidiary, incorporated in New Jersey (Pl.'s Am. Cmplt. ¶¶ 6-8). Defendants are an individual and several New Jersey corporations involved in the business of importing cheese into the U.S. (*Id.* ¶ 18). For many years, Plaintiffs and Defendants engaged in a successful commercial relationship with one another. During this period of time, San Lucio sold numerous quantities of Parmigiano Reggiano cheese from Italy to Defendants in the U.S., for re-sale into the U.S. market (*Id.* ¶¶ 24-26).

The present controversy revolves around six shipments of cheese made between November 2004 and May 2005 (Pl.'s Br. at 4). To date, Defendants have paid San Lucio approximately 800,000 Euros for these shipments, but San Lucio alleges that Defendants owe an additional 329,000 Euros that should have been paid in 2006 or 2007 (Pl.'s Br. at 5). Various receipts and invoices confirm the existence of these shipments, the quantities of cheese exported, and the contract price of the cheese (Pl.'s Br. Ex. 1-2). Indeed, Defendants do not dispute that these shipments took place. However, Defendants argue that the cheese was not sold to them but rather was given to them on consignment (Dft.'s Opp. at 3-4). Because Defendants did not sell it all, they maintain that they do not owe San Lucio any additional money. Defendants also counterclaim that some of the cheese received was non-conforming such that they are not required to pay for it. (Dft.'s Opp. at 4). Defendants did not make any allegations of non-conforming goods until faced with Plaintiffs' Complaint.

While the breach of contract matters at the heart of Plaintiffs' Amended Complaint appear fairly straightforward, this case is complicated by two separate conflict of laws issues.  It is these issues that Plaintiffs seek to resolve prior to trial and have raised in their Motion for Partial Summary Judgment.  Although the contract is silent as to choice of law, both parties agree that in the event of a dispute, the contract is to be governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG").  Indeed, the CISG automatically applies to contracts for sales of goods between parties with places of business in two different member countries, and the U.S. and Italy are both member countries.  CISG Art. 1(1).  The CISG provides for the payment of prejudgment interest to be paid to the prevailing party in a breach of contract action.  However,  the CISG is silent as to the specific rate of prejudgment interest to be used or how that rate should be calculated.  Furthermore, the CISG is silent with respect to the payment of attorneys' fees and which party is responsible for their payment.  San Lucio seeks an order stating that Italian, and not U.S., law will govern both a) the applicable rate of prejudgment interest and b) the payment of attorneys' fees.[1]

Plaintiffs filed their initial complaint against Defendants in June 2007 and an amended complaint in March 2008. Plaintiffs then filed this motion for partial summary judgment with respect to choice of law in July 2008.  The motion was fully briefed in August 2008 and oral argument was heard in March 2009.  For the reasons stated below, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.  Furthermore, partial summary judgment is **GRANTED** in favor of Defendants.

## ANALYSIS

### A. Standard of Review

A court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden of showing that no genuine issue of material fact exists rests initially on the moving party.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325.  In evaluating a summary judgment motion, a court must view all evidence in the light most

---

[1]Typically, prejudgment interest rates are higher under Italian law than under U.S. law. Additionally, under Italian law, the losing party pays the winning party's legal fees.  In the U.S., except in specifically delineated circumstances not present here, parties are responsible for payment of their own legal fees.

3

favorable to the nonmoving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).   The substantive law determines which facts are material.  *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.*

Under Rule 56 of the Federal Rules of Civil Procedure and relevant Third Circuit authority, after a court determines that a moving party's motion for summary judgment must be denied, it is permissible for the court to grant summary judgment in favor of the non-moving party if such action is justified.  "Where one party has invoked the power of the court to render a summary judgment against [an] adversary, it is reasonable that this invocation gives the court power to render summary judgment for [the] adversary if it is clear that the case warrants that result."  *American Flint Glass Workers Union v. Beaumont Glass Co.*, 62 F.3d 574 (3d Cir. 1995); *see also* 6 Moore's Federal Practice ¶ 56.12 (1994).  However, the moving party must be on notice that the court is considering this action and must also be given an opportunity to present evidence in opposition.  *See Old Bridge Owners Cooperative Corp. v. Township of Old Bridge*, 981 F.Supp. 884, 887-888 (1997) (finding that these requirements were met when the non-moving party's opposition brief asked not only for denial of the motion but also requested relief in the form of the opposite result and where the moving party continued to assert that summary judgment was the proper vehicle for resolution of the issue).

**B.  Prejudgment Interest**

As both parties acknowledge, the contract between Plaintiffs and Defendants is governed by the CISG.  Article 78 of the CISG clearly states that in the event of non-payment or delayed payment by a party, the opposing party is entitled to prejudgment interest. Although the CISG does not provide for a specific rate of interest, Article 7(2) states that questions unresolved by the CISG are to be settled "in conformity with the general principles on which it is based," or, in the absence of such principles, "in conformity with the law applicable by virtue of the rules of private international law."  Because there are no "general principles" of the CISG that might shed light on the interest rate to be used, the CISG having deliberately declined to select a specific rate, private international law must be used.

Courts that have previously turned to private law to consider the issue of prejudgment interest rates have focused their analyses on the source of the court's subject matter jurisdiction. When a court has diversity jurisdiction, it is appropriate for the court to perform an *Erie* doctrine analysis and determine which jurisdiction's law should apply to the issue at hand based on whether the law in question is substantive or procedural. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). However, when a court has federal question jurisdiction, relevant authority demonstrates that the court has "broad discretion to set a rate of prejudgment interest sufficient to compensate Plaintiff for the true costs of [the money] damages incurred." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 (3d Cir. 2004); *see also Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 63 (3d Cir. 1986); *Norfolk Southern Railway Co. v. Power Supply Source*, 2008 WL 2884102. Frequently, federal courts have used the rate of the U.S. Treasury bill from the applicable time period to set the rate. *Delchi Carrier, SpA v. Rotorex Corp.*, 1994 WL 495787.

This Court does not have diversity jurisdiction over the present matter, because there is incomplete diversity between the parties. San Lucio U.S.A. is a New Jersey corporation, as are all of the corporate Defendants. However, this Court does have federal question jurisdiction, because the dispute arises out of the CISG, an international treaty. Therefore, this Court has broad discretion to select the rate of prejudgment interest to be used and will set the rate in accordance with the yield on the U.S. Treasury bill from the applicable time period.[2, 3]

## C. Attorneys' Fees

---

[2]To the extent that the applicable time period cannot be determined without resolving factual issues as to the exact date of the breach, the Court will accept submissions from the parties at the appropriate time.

[3]Note that even were this Court to follow the method of analysis advocated by Plaintiffs, the result would be the same. Plaintiffs urge the application of federal choice-of-law principles, which in turn use the Restatement (Second) of Conflicts of Laws for guidance. Plaintiffs rely heavily on Restatement § 188, which states that the law of the place with the most significant relationship to the contract will apply. One factor for determining the place with the most significant relationship is where delivery took place. Plaintiffs maintain that delivery took place in Italy. Even assuming this to be true, delivery location is but one factor. Restatement § 6 provides additional factors to be considered when resolving choice of law concerns, including, among others, the relevant policies of the forum, the protection of justified expectations, and ease in the determination and application of the law to be applied, all of which point to the use of U.S. federal law. And once U.S. federal law is chosen, because there is no federal prejudgment interest statute, federal courts have broad discretion to select the rate of prejudgment interest in CISG cases.

As described above, the Court has federal question jurisdiction over this case.  In a federal question case, a district court must apply federal common law choice of law rules to determine which jurisdiction's law applies.  Turning again to the Restatement (Second) of Conflicts of Law § 6, an examination of the delineated factors points in favor of the U.S. system.  Among the factors that § 6 suggests warrant consideration are the relevant policies of the forum, the justified expectations of the parties, and ease and determination of applicable law.  Considering the relevant policies of the forum is particularly important here.  The U.S. legal system deliberately requires parties to pay their own legal fees in almost all situations, so as not to discourage parties from litigation and to remove barriers to entry into the judicial system.  An examination of the justified expectations of the parties also points in favor of U.S. law.  San Lucio was aware that its product was being sold into the U.S. and should have anticipated use of U.S. law in the event of a dispute.  Finally, ease in determination and application of law in a U.S. court also apply in favor of the U.S. rule.  Thus, the Court will use U.S. law and concludes that each party is responsible for the payment of its own legal fees.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment is **DENIED**.  Italian law will not be used to determine the rate of prejudgment interest nor to require the losing party to pay the winning party's legal fees.  Furthermore, partial summary judgment is **GRANTED** in favor of Defendants.[4]  Under U.S. law, the rate of prejudgment interest will be set in accordance with the interest rate on the U.S. Treasury bill from the applicable time period.  Moreover, in accordance with U.S. law, each party will be required to pay its own legal fees.   An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[4]The Court is satisfied Plaintiffs were on notice that the Court could *sua sponte* grant summary judgment in favor of Defendants, even though such relief was not formally requested.  Defendants not only asked the Court to deny Plaintiffs' motion but also stated their conviction that U.S. law should be applied.  This is sufficient to put Plaintiffs on notice.  Furthermore, Plaintiffs replied to Defendants' opposition brief, set out all the evidence they felt was relevant to show that Italian law should apply and U.S. should not, and still sought summary judgment on the grounds that no issue of material fact existed.